IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conway Mark Mackey,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-13-01104-PHX-PGR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Conway Mark Mackey (Petitioner) has filed an Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2002 convictions in the Maricopa County Superior Court (trial court). (Doc. 4.) Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 9.) Alternatively, Respondents argue that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review. (*Id*. at 14-17.) Petitioner has not filed a reply in support of his Amended Petition and the time to do so has passed. (Docs. 5, 9.) For the reasons below, the Court recommends that the Amended Petition be denied.

**I.     Factual and Procedural Background**

     **A.     Charges, Trial, and Sentencing**

On June 28, 1999, Petitioner was indicted on the following counts: (1) aggravated assault against Detective Daniel Snodgrass, a peace officer engaged in official duties, a

class two felony (Count One); (2) aggravated assault against Agent Robert Caldwell, a peace officer engaged in official duties, a class two felony (Count Two); (3) misconduct involving weapons, a class four felony (Count Three); and (4) endangerment, a class six felony (Count Four). (Doc. 9, Ex. A.) On March 9, 2000, following a jury trial, Petitioner was convicted on all counts. (Doc. 9, Ex. B.) On April 10, 2000, the trial court sentenced Petitioner to ten-and-one-half years' imprisonment on Count One, ten-and-one-half years' imprisonment on Count Two, to be served consecutively to the sentence on Count One, four-and-one-half years' imprisonment on Count Three, to be served concurrently with all of his other sentences, and two-and-one-quarter years' imprisonment on Count Four, to be served concurrently with the other sentences. (Doc. 9, Ex. C.)

### B. Direct Appeal

Petitioner appealed to the Arizona Court of Appeals and argued that he should have received credit for 299 days of pre-sentence incarceration, instead of 296 days credit. (Doc. 9, Ex. D.) On March 6, 2011, the appellate court rejected Petitioner's claim and affirmed his sentence. (Doc. 9, Ex. D at 1-3.) The appellate court issued its mandate on April 20, 2001. (Doc. 9, Ex. E.) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 4 at 3.)

### C. Post-Conviction Proceeding

On March 5, 2010, Petitioner filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. (Doc. 9, Ex. F.) On April 27, 2010, the trial court dismissed the notice as untimely. (Doc. 9, Ex. G.) Petitioner moved for reconsideration, arguing that he had good cause for his late filing. (Doc. 9, Ex. H.) The trial court rejected Petitioner's arguments and denied his motion for reconsideration. (Doc. 9, Ex. I.) Petitioner filed a second motion for reconsideration. (Doc. 9, Ex. J.) On June 21, 2010, the trial court again denied reconsideration. (Doc. 9, Ex. K.)

Petitioner then petitioned for review of the dismissal of his notice of post-conviction relief in the Arizona Court of Appeals, which denied review on March 28,

2012.  (Doc. 9, Ex. L.)  Petitioner filed a "notice of appeal" with the Arizona Supreme Court.  (Doc. 9, Ex. M.)  The court construed the notice as a petition for review and denied it on June 20, 2012.  (*Id.*)

### D.     Petition for Writ of Habeas Corpus

Petitioner filed a petition for writ of habeas corpus with this Court on March 29, 2013.[1]  (Doc. 1.)  On September 5, 2013, the Court dismissed the petition, without prejudice and with leave to amend, for failure to describe Petitioner's claims for relief. (Doc. 2 at 1-3.)  On October 4, 2013, Petitioner filed an amended petition and the Court ordered Respondents to file an answer.  (Docs. 4, 5.)

The Amended Petition presents the following four grounds for relief: (1) trial counsel was ineffective for failing "to test the State's case-in-chief against [Petitioner] in the form of the information contained in the charging instrument/indictment," and thus allowed the State "to secure an elevated charge that the information did not support" (Ground One); (2) the trial court imposed aggravated sentences in violation of "due process" because Arizona law required the sentences to be served concurrently and the trial court erred by failing to give a lesser-included offense jury instruction (Ground Two); (3) the prosecutor committed misconduct and violated "due process" by "secur[ing] an indictment on an elevated charge that the information . . . did not support" (Ground Three); (4) the trial court violated the Due Process Clause, abused its discretion, and "created error" by considering a prior California conviction an aggravating factor at sentencing (Ground Four).  (Doc. 4 at 6, 12, 16-17.)  Respondents assert that the Amended Petition should be dismissed as untimely.  (Doc. 9 at 3.)

## II.    The AEDPA Statute of Limitations

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  That period generally commences on "the date on which the judgment became final by the conclusion

---

[1] Consistent with Respondents' Answer, the Court assumes that Petitioner filed his documents with this Court on the date he signed the documents, as opposed to the date the Court received them.  (Doc. 9 at 2 n.1.)

of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, under certain circumstances, the statute of limitations commences on a different date including, "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed," "the date on which the constitutional right asserted was initially recognized by the Supreme Court," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner does not allege a newly recognized constitutional right or a newly discovered factual predicate to support any of his claims. *See* 28 U.S.C. § 2244(d)(1)(C) & (D); (Doc. 4 at 6-19.) Thus, the statute of limitations commenced either on the date Petitioner's conviction became final on direct review, or the date on which an unconstitutional impediment to filing was removed. *See* 28 U.S.C. § 2244(d)(1)(A) & (B).

The Court first considers whether there was an unconstitutional impediment to filing, and thus, the Court should apply § 2244(d)(1)(B) to determine the commencement of the statute of limitations. Petitioner asserts that he "was moved out of state after his direct appeal under contract via [the Arizona Department of Corrections]." (Doc. 4 at 19 (internal ellipsis omitted).) However, housing a prisoner in another state does not violate "the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B); *see Olim v. Wakinekona*, 461 U.S. 238, 247-48 (1983) (stating that "it is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State. . . . [I]nterstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself."). Thus, Petitioner cannot establish that there was an "impediment to filing" that violated "the Constitution or laws of the United States." *See* 28 U.S.C. § 2244(d)(1)(B). Additionally, housing Petitioner in an out-of-state prison for an unspecified period of time did not "prevent[]" him from filing a habeas corpus petition.

*See Hunt v. Blair*, 2007 WL 2010245, at *3 (D. Hawaii Jul. 5, 2007) (stating that the petitioner's out-of-state transfers were not "impediments" justifying a later start date under § 2244(d)(1)(B)). Accordingly, Petitioner is not entitled to a later commencement date for the statute of limitations under § 2244(d)(1)(B).

Therefore, § 2244(d)(1)(A) governs the date on which the statute of limitations commenced and the one-year limitations period applies to the Amended Petition. Respondents assert that the Amended Petition is untimely because it was not filed within one year of the date on which Petitioner's challenged convictions "became final by the conclusion of direct review," § 2244(d)(1)(A), and because statutory and equitable tolling do not apply. (Doc. 9 at 8-13.) As set forth below, the Court agrees and finds the Amended Petition untimely.

### A. The Commencement of the Limitations Period

To assess the timeliness of the Amended Petition, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on direct appeal on March 6, 2001. (Doc. 9, Ex. D.) Petitioner then had thirty days in which to file a petition for review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a) (stating that "[w]ithin 30 days after the filing of a decision . . . any party may file with the clerk of the Court of Appeals a petition for review by the Supreme Court.").

Accordingly, his conviction became "final" under § 2244(d)(1)(A) on April 5, 2001, when the time for filing a petition for further review expired. *See* G*onzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 654-56 (2012) (for a state prisoner who does not seek review in the state's highest court, the judgment becomes "final" on the date the time for seeking such review expires); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (direct appeal concludes upon the expiration of time for seeking further appellate review); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("it is clear that [petitioner's] direct appeal was final upon the expiration of the time for seeking review of

the Court of Appeals decision in the Arizona Supreme Court"). Petitioner did not file a petition for review with the Arizona Supreme Court. (Doc. 4 at 3.) Thus, his habeas corpus petition was due one year after the deadline for filing a petition for review expired on April 5, 2002. *See* 28 U.S.C. § 2244(d)(1). Petitioner filed his federal habeas petition, at the earliest, on March 29, 2013.[2] (Doc. 1.) Thus, the Amended Petition filed over ten years late is untimely absent statutory or equitable tolling.

### B. Statutory Tolling

The AEDPA provides that the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings."). Here, as set forth above, the AEDPA limitations period expired on April 5, 2002. Petitioner did not file a notice of post-conviction relief until March 5, 2010. (Doc. 9, Ex. F.) That notice, however, does not toll the limitations period for two reasons.

First, the trial court dismissed that notice as untimely under Rule. 32.4. (Doc. 9, Exs. G, I.) Because the notice of post-conviction relief was untimely, it was not "properly filed" for purposes of § 2244(d)(2), and did not toll the limitations period. *See Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244 (d)(2)."); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (an untimely petition for post-conviction relief was not "properly filed" for purposes of tolling the AEDPA limitations period).

---

[2] For purposes of this Report and Recommendation, the Court assumes that Petitioner's claims in his Amended Petition relate back to his original petition such that his Amended Petition is considered filed on March 29, 2013, the date he filed his original petition. (Doc. 1); *see Ford v. Gonzalez*, 683 F.3d 1230, 1237 n.3 (9th Cir. 2012) ("'A new claim in an amended petition relates back to avoid a limitations bar when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition.'") (internal citations omitted).

- 6 -

1    Second, even if Petitioner had properly filed his notice of post-conviction relief, it could not toll the limitations period because the notice was filed on March 5, 2010, well after the AEPDA limitations period had expired.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that once the AEDPA limitations period expires, a subsequently filed notice of post-conviction relief cannot restart the statute of limitations).  "Section 2244(d)(2) cannot 'revive' the limitation[ ] period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitation[ ].'" *Johnson v. Galaza*, 2001 WL 125312, at *1 (N.D. Cal. Feb. 7, 2001) (quoting *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (modifications in original)).  *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed.").  Accordingly, Petitioner is not entitled to statutory tolling and his Amended Petition is untimely unless equitable tolling applies.

### C.    Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).  Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'"  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).  "When considering whether to apply equitable tolling, the Supreme Court has emphasized the need for 'flexibility' and for 'avoiding mechanical rules.'"  *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (quoting *Holland*, 560 U.S. at 650).

1        The record reflects that Petitioner did not pursue his rights diligently.  He did not
2 file his notice of post-conviction relief for more than seven years after his conviction
3 became final on direct review.  Additionally, he did not file his habeas corpus petition in
4 this Court until approximately eight months after the Arizona Supreme Court denied
5 review of the appellate court's ruling affirming the trial court's dismissal of his notice of
6 post-conviction relief as untimely.  These delays do not demonstrate diligence.  *See Pace*,
7 544 U.S. at 419 (petitioner was not entitled to equitable tolling when he "waited years,
8 without any valid justification, to assert" his claims in state court and then waited "five
9 more months" after proceedings finished in state court before seeking relief in federal
10 court).  Because Petitioner did not diligently pursue his rights, he is not entitled to
11 equitable tolling.

12        Even if Petitioner had diligently pursued his rights, he is not entitled to equitable
13 tolling because he has not shown that "some extraordinary circumstance stood in his way
14 and prevented timely filing."  *Holland*, 560 U.S. at 649 (internal quotation marks
15 omitted).  Petitioner provides three reasons for his untimely filing, none of which justifies
16 equitable tolling.  First, Petitioner "contends that he is and was a layman to the
17 procedural rules governing the appellate process."  (Doc. 4 at 19.)  "[I]t is well
18 established that 'ignorance of the law, even for an incarcerated pro se petitioner,
19 generally does not excuse prompt filing.'"  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th
20 Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir.1999)).  Petitioner's
21 ignorance of the law and incarcerated status do not distinguish him from the great
22 majority of inmates pursuing habeas corpus relief.  *See Roy v. Lampert*, 465 F.3d 964,
23 970 (9th Cir. 2006) ("It is clear that pro se status, on its own, is not enough to warrant
24 equitable tolling.").  Such circumstances are not extraordinary and do not justify tolling
25 the limitations period.  *See Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("[A] pro se
26 petitioner's confusion or ignorance of the law is not, itself, an extraordinary circumstance
27 warranting equitable tolling.").  "If limited resources, lack of legal knowledge, and the
28 difficulties of prison life were an excuse for not complying with the limitation period, the

AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling). Accordingly, Petitioner's lack of legal knowledge does not warrant equitable tolling.

Second, Petitioner asserts that he was housed, during an unspecified period of time, in an out-of-state prison. Specifically, Petitioner asserts that he "was moved out of state after his direct appeal" and only started working on his case again after he "was returned to the state of Arizona" and "attempted to secure his authentic record from both the court and counsel." (Doc. 4 at 19.) Being housed out-of-state standing alone does not prevent a petitioner from filing a timely petition, and therefore, does not entitle Petitioner to equitable tolling. *See Determann v. Lampert*, 150 Fed. App'x 623, 625 (9th Cir. 2005) (finding equitable tolling unavailable for an Oregon prisoner held in Arizona because nothing prevented him from filing a timely petition); *Lucero v. Suthers*, 16 Fed. App'x 964, 965 (10th Cir. 2001) (stating that the court has "previously rejected a habeas petitioner's request for equitable tolling when the petitioner merely alleged that his transfer to another state's prison prohibited him from access to the relevant statutes and case law. Such transfers have become commonplace, and transferee facilities almost universally retain sufficient information to allow prisoners to submit habeas claims.") (internal citation omitted).

Additionally, to the extent that Petitioner alleges he did not have the "authentic record" while he was housed out of state, he has not shown how that prevented him from filing a timely habeas corpus petition. *See United States v. Lewis*, 605 F.2d 379 (8th Cir. 1979) (holding that prisoner does not have an absolute right to transcripts to collaterally attack his sentence); *see also Rodriguez v. Gonzalez*, 2009 WL 2914151, at *1 (E.D. Cal.

1 Sept. 9, 2009) (stating that "there is no entitlement to a free copy of the transcript when seeking collateral review."). Accordingly, Petitioner's transfer for an unspecified period of time to a facility outside of Arizona does not warrant equitable tolling.

Finally, Petitioner argues that he "felt helpless after his direct appeal attorney of record reviewed his entire case for error [and] only submitted a preincarceration miscalculation [claim]." (Doc. 4 at 19.) Petitioner's feelings of helplessness do not explain why he was unable to timely file a petition for writ of habeas corpus. "Equitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a petitioner's lack of diligence, accounted for the failure to file a timely petition." *Smith v. Ratelle*, 323 F.3d 813, 821 (9th Cir. 2003) (emphasis added). Petitioner's feelings are not "external forces" that prevented him from timely filing a petition for writ of habeas corpus, and those feelings do not justify equitable tolling.

Because Petitioner has not presented any circumstance that justifies equitably tolling the AEDPA statute of limitations, his § 2254 Petition should be denied as untimely and the Court need not consider Respondents' alternative grounds for denying relief.[3]

**III.   Conclusion**

Because Petitioner filed his Amended Petition for Writ of Habeas Corpus after the expiration of the AEDPA statute of limitations, and statutory and equitable tolling do not apply to excuse the untimely filing, it should be dismissed as untimely.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DENIED**.

---

[3] Respondents also argue that Petitioner has not established a claim of actual innocence to excuse his untimely filing. (Doc. 9 at 13.) Because Petitioner does not assert an actual innocence claim, the Court does not address this argument. Additionally, having found that the Amended Petition should be dismissed as untimely, the Court does not address Respondents' assertion that Petitioner's claims are procedurally barred. (Doc. 9 at 14-19.)

1     **IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of October, 2014.

_____
Bridget S. Bade
United States Magistrate Judge